

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 25, 1959

Hon. J. E. Lyles, Commissioner
Bureau of Labor Statistics
Capitol Station
Austin 11, Texas

Opinion No. WW-654

Re: The applicability of Attorney
General's Opinion No. 0-1269
(1939) under Article 5221a-6,
Vernon's Civil Statutes, and
whether a theatrical agent, in
furnishing models to various em-
ployers would be required to
obtain an employment agency
license in accordance with
the provisions of Article 5221a-6,
Vernon's Civil Statutes.

Dear Mr. Lyles:

The recent request from your office for our opinion propounds two
questions. One question relates to a prior opinion issued by this office
while the second relates to a current fact situation with which your office is
concerned.

For clarity and reference the paragraphs in which the facts are stated
will be numbered 1 and 2. Following each of the two paragraphs the questions
which you have asked and which relate to that paragraph will be stated and
numbered.

   1. "John Doe maintains an office and carries
on the business of providing programs of enter-
tainment to persons, associations, conventions,
etc. Such entertainment is produced by singers,
musicians, dancers, comedians, and various other
performers under the direction of John Doe. The
person, association, convention, etc. outlines to
John Doe the general type of program desired, or

> agrees to accept the type of programs recom-
> mended by John Doe. The person, association,
> convention, etc., does not interview or pay any
> money to any of the performers, but deals
> directly and only with John Doe. The price of
> the program is a lump sum which is fixed by
> mutual agreement between John Doe and the
> person, association, convention, etc. desiring
> the entertainment. John Doe selects perfor-
> mers to produce the type of program contracted
> for, and pays the performers the price agreed
> upon between John Doe and the performers.
> John Doe has exclusive charge and control of
> the performers, is present, and directs the
> program throughout its rendition."

You than restated the question which was asked of this office previously and which was answered by Attorney General's Opinion No. 0-1269 (1939). Essentially, you requested an opinion as to whether, under the facts stated in paragraph 1, John Doe would be required to obtain an employment agency license.

You now ask substantially the following question:

> 1. Is the ruling as stated by Attorney General's
> Opinion No. 0-1269 (1939) applicable, under the
> present Employment Agency Law, Article 5221a-6,
> Revised Civil Statutes, to the above fact situation?

Since the prior opinion of this office was written, the John Doe Agency has undertaken other activities in conjunction with those set out above. You have outlined them substantially as follows:

> 2. John Doe is now also actively engaging in
> booking models for various shows. The following
> method of placement is used by John Doe: A
> company, which desires the service of a model or
> models, will send its representative to the agent
> (John Doe) to select models to be used for the
> company's show. The company representative
> interviews the models and selects those needed
> for the particular show for which the representa-
> tive is interviewing. The company representative

then furnished the names of the models he has
chosen to the John Doe Agency. John Doe then
contacts the models involved and requests that
they report to the company's place of business
for the show. The models do the engagement
for an agreed fee which is paid by the John Doe
Agency. The agent in turn bills or invoices the
company benefiting from the service. The ac-
tivities of the models are directed by the com-
pany which is sponsoring the show. The com-
pany also has complete control of the show which
it is staging. The agent has no control of the
models, once they are placed, nor of the show,
as they do in the case of entertainment acts.

In connection with the additional facts as stated in paragraph 2 above,
your second question is as follows:

2. . . "whether this agent is furnishing em-
ployees to employers for a fee whereby he
would be required to obtain an employment
agency license in accordance with the provi-
sions of Article 5221a-6, Revised Civil Statu-
tes?"

We answer both your questions in the affirmative.

House Bill 387, Acts 51st Legislature, Regular Session, 1949, Chapter
245, page 453, codified as Article 5221a-6, V.C.S., and known as the "Texas
Private Employment Agency Law," regulates the operation of private employ-
ment agents in Texas.

Attorney General's Opinion 0-1269 was written at a time when the "Texas
Employment Agency Law," as set out in Articles 5208 through 5221, Vernon's
Civil Statutes of 1925, as amended, and Articles 1584 through 1593 of Vernon's
Annotated Penal Code, was applicable. That opinion held that the agent or en-
tertainment entrepreneur, as described in paragraph 1 above, did not come within
the purview of the then applicable "Texas Employment Agency Law" for the
reason that no employer-employee or master-servant relationship resulted be-
tween the entertainers and the person, clubs, conventions etc., desiring the
entertainment.

All of these articles have since been repealed by the Legislature and the

only Article which relates to your present questions is Article 5221a-6, V.C.S. There is nothing in this present law, however, which purports to make it applicable in instances where an employer-employee relationship is not involved.

Section 1(e) of Article 5221a-6 defines private employment agents or agencies as follows:

> "' Private Employment Agent' means any person in this State who for a fee or without a fee offers or attempts to procure employment for employees or procures or attempts to procure employees for employers except employees as common laborers or agricultural workers."

Other definitions in Section 1 include:

> (a). " The term 'person' means an individual, partnership, association, corporation, legal representative, trustee, trustee in bankruptcy, or receiver.

> (b). "'Fee' means anything of value including money or other valuable consideration or services or the promise of any of the foregoing received by an employment agency from or on behalf of any person seeking employment or employees in payment for any service, either directly or indirectly.

> (c). "'Employer' means any person employing or seeking to employ any employee.

> (d). "'Employee' means any person performing or seeking to perform work or service of any kind for hire.

> (h). "'Agent' shall mean a private Employment Agency as defined by this Act."

Based on the foregoing statutory definition of a "private employment agent" and the other definitions included in the Act, it is clear that the scope of regulation is limited to employees and employers, or where an employee-

employer relationship results or is intended to result, and not to other relationships such as independent contractors. Black's Law Dictionary at page 618 points out that the term "servant" is synonymous with "employee" and "master" is synonymous with "employer", and further that the term "employee" must be distinguished from "independent contractor".

In the facts which you have set forth in paragraph 1, the John Doe Agency has exclusive charge and control of the performers, rather than the person, association, convention, etc., desiring the entertainment. From the facts stated no employee-employer relationship results between the performers and the convention, etc., nor was such relationship intended to result. Many cases have set forth definitions or rules in distinguishing the master-servant relationship from an independent contractor, but perhaps one of the best and simplest definitions is that set forth in Shannon, et al vs. Western Indemnity Company, et al, 257 S. W. 522 (Tex. Com. App. 1924):

> ". . . When one is employed by another, it may be generally said to be in the relation of servant to master, or as an independent contractor. This being true, the courts in nearly every instance have undertaken to determine the relation of the person employed by another by first deciding whether or not such person was an independent contractor. If he was found not to be such under all the facts and circumstances, then he was classed as a servant or employee of his employer. . .
>
> "'No better test can be applied than to say that the relation of master and servant exists where the master retains or exercises the power of control in directing, not merely the end sought to be accomplished by the employment of another, but as well the means and details of its accomplishment; "not only what shall be done, but how it shall be done."'"

(Emphasis added)

Under these principles, it is apparent that the John Doe Agency under the facts contained in paragraph one is not furnishing "employees" to the associations, conventions, etc., but said entertainers are under the exclusive charge and control of John Doe. Assuming the facts to be as you have stated them in

paragraph one, the Private Employment Agency Law does not apply and the holding in Attorney General's Opinion No. 0-1269 is still applicable.

In connection with the facts set forth in paragraph two, the situation is different and an employee-employer relationship results between the models furnished by the John Doe Agency and the company desiring the service of the models. The activity of the John Doe agency in the method of operation described in paragraph two comes clearly within the scope of the definitions set forth in the Private Employment Agency Law and the purposes of that Act and we find no exceptions which would exempt such an agency or operation from the requirements of that Act. For a similar holding your attention is invited to Attorney General's Opinion No. WW-653.

## SUMMARY

1. The Texas Private Employment Agency Law, Article 5221a-6, V.C.S., is not applicable to a person operating as the John Doe described in paragraph 1 of your request, and the holding in Attorney General's Opinion No. 0-1269 is still applicable under the present employment agency law.

2. An agent, in furnishing models to various employers as described in paragraph 2 of your request, would be required to obtain an employment agency license in accordance with the provisions of Article 5221a-6, V. C. S.

Very truly yours,

WILL WILSON
Attorney General

By: Morgan Nesbitt

Morgan Nesbitt
Assistant

MN/fb
APPROVED
OPINION COMMITTEE

C. K. Richards, Chairman

Charles D. Cabaniss
Tom I McFarling
Milton Richardson
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
BY:   W. V. GEPPERT